```
                          United States Bankruptcy Court
                               District of Oregon
```

In re:                                                            Case No. 15-30736-rld
Sho G Dozono                                                      Chapter 7
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0979-3     User: linda     Page 1 of 1     Date Rcvd: Sep 14, 2015
                           Form ID: pdf018     Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 16, 2015.
db         Sho G Dozono,    1534 SW Cardinell Drive,    Portland, OR  97201-3134
cr         ++ONPOINT COMMUNITY CREDIT UNION,    PO BOX 3750,    PORTLAND OR 97208-3750
                 (address filed with court:   OnPoint Community Credit Union,   POB 3750,
                   Portland, OR  97208-3750)

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                          TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                          TOTAL: 0

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

---

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2015                                Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 14, 2015 at the address(es) listed below:
NONE.                                                                                                          TOTAL: 0

**UNITED STATES BANKRUPTCY COURT
District of Oregon**

In re
**Sho G Dozono**
*Other names used by debtor:* Sho Gerald Dozono, Shozo G Dozono
Debtor(s)

Case No. **15-30736-rld7**

RECORD AND ORDER
RE: REAFFIRMATION
AGREEMENT(S)

A hearing was held in this case on 9/14/15 regarding the reaffirmation agreement specified below. The (✓) debtor(s) or only the ( ) husband ( ) wife, and/or ( ) debtor(s)' attorney, _____, and ( ) creditor(s)' attorney, _____, appeared. The court gave the debtor(s) the information required by 11 USC §524(c) and (d) and found:

The Reaffirmation Agreement with **OnPoint Community Credit Union** is:

1. (✓) **Approved.** The Court hereby finding the agreement was made prior to discharge, did not impose an undue hardship on the debtor(s) OR a dependent of the debtor(s), and was in the debtor(s)' best interest.

2. ( ) **Approved** with the following amendments that supersede the Agreement's original terms:
   Amount Reaffirmed: $_____; APR:_____%; Monthly Payment:$_____;
   Other terms:_____.
   ( ) Parties consent
   ( ) Approval subject to objection filed within 21 days of the hearing date.
   ( ) Approval conditioned on filing the written document within 21 days of the hearing date.

3. ( ) **Based on a consumer debt secured by real property,** and therefore court approval of such agreement is not required or appropriate.

4. ( ) **Not Approved** for the following reason(s):
   ( ) A presumption of undue hardship exists with respect to the reaffirmation agreement, and debtor(s) has/have not rebutted the presumption to the satisfaction of the court.
   ( ) Required form of reaffirmation agreement not used and/or not completely filled out (e.g., §524(k) disclosures not completed).
   ( ) The value of the collateral is less than amount owed.
   ( ) The reaffirmation agreement was entered into after discharge.
   ( ) The debt is unsecured.
   ( ) Approval would not be in the debtor(s)' best interest considering income, expenses and dependents.
   ( ) Approval would impose an undue hardship on the debtor(s) OR a dependent of the debtor(s).
   ( ) The lien would be voidable pursuant to 11 USC §522(f).
   ( ) Agreement or Cover Sheet was not signed by all required parties.
   ( ) The original obligation was not in default.
   ( ) Debtor(s) did not appear.
   ( ) Debtor(s) withdrew the Agreement.
   ( ) Other: _____

If the Reaffirmation Agreement is not approved, the subject debt may be paid voluntarily and the creditor is permitted to accept voluntary payments. Everything required of the debtor by 11 USC §521(a)(2)(B) has been done; hence, the automatic stay termination provided by 11 USC §362(h)(1) does not apply.

IT IS SO ORDERED

*[signature]*
Bankruptcy Judge